# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CAROLYN BATES, | : |
|    Plaintiff, | : |
| vs. | :     CA 13-0051-KD-C |
| UNITED STATES GOVERNMENT AND UNITED STATES GENERAL SERVICES ADMINISTRATION, | : : : |
|    Defendants. | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the motion of the United States of America ("United States") for partial dismissal and supporting memorandum (doc. 21), the Plaintiff's response (doc. 29) and the United States' reply (doc. 38). After consideration of the motion and briefs, as well as the parties' filings, it is the Magistrate Judge's **RECOMMENDATION** that the motion be **GRANTED IN PART** and **DENIED IN PART** as discussed below.

## Background

The Plaintiff, proceeding *pro se*, brings this action pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2675, and asserts claims of negligence, gross negligence and negligent infliction of emotional distress against the United States and the United States General Services Administration ("GSA"). (Doc. 17.) According to the Plaintiff's Amended Complaint (*id.*), filed August 9, 2013, this case arises out of an incident that occurred on August 27, 2009, at the federal courthouse in Selma, Alabama, when the Plaintiff allegedly fell and injured herself while attempting to sit on a pew in

the hallway.  (*Id.*, ¶¶ 8-11.)

Plaintiff's Administrative Claim

Following the incident at the courthouse on August 27, 2009, the Plaintiff filed a claim with the GSA regarding her injury.  Plaintiff alleges that she "timely filed the Standard From 95 (SF95) and sought relief for her Claim with the United States General Services/Administration."  (*Id.*, ¶ 15.A.)  Furthermore, the government has attached to its Motion for Partial Dismissal the following three items: the Plaintiff's November 25, 2009 letter to the GSA giving notice of her injury (doc. 21-3); the Plaintiff's Standard Form 95 ("SF 95"), indicating that the Plaintiff submitted her claim to the GSA on February 24, 2010 (doc. 21-2), and an affidavit the Plaintiff submitted to the GSA on August 23, 2011, which provides more extensive details regarding her claim (doc. 21-1).

In her SF 95, the Plaintiff stated that she sought $600,000.00 for her disabling and permanent injuries that resulted from the incident that occurred on August 27, 2009, at 11:00 a.m.  (Doc. 21-2, ¶¶ 6-7, 10, 12d.)  The Plaintiff did not directly include on the SF 95 the basis of her claim and the facts and circumstances surrounding her injury.  (*See id.*, ¶ 8.)  However, the Plaintiff specifically referenced her November 25, 2009 letter and her August 23, 2011 affidavit, which were apparently attached to the SF 95.[1]  (*See id.* ("See Attachment I, Document dated November 25, 2009 and Affidavit title: Notice file federal Tort Personal Injury and Consortium Claim.")

In the Plaintiff's November 25, 2009 letter the Plaintiff notified the GSA of "an

---

[1] It is unclear from the face of the SF 95 when the form was submitted to the GSA. The Plaintiff states that she timely filed her claim, but she does not specify when she filed her claim.  (*See* doc. 17, ¶ 15.)  The government states that the plaintiff filed her SF 95 on February 24, 2010, and cites directly to SF 95.  (Doc. 21 at 2 (citing doc. 21-2).)  SF 95 indicates that the date of the claim was February 24, 2010.  (Doc. 21-2, ¶ 14.)  However, SF 95 also references a document dated August 23, 2011.  (*Compare* doc. 21-2, ¶ 8 *with* doc. 21-1 at 1, 3.)  In any event, the precise date on which the SF 95 was filed is not critical to this Report and Recommendation because the government agrees with the Plaintiff that the administrative claim was timely filed, (*see* doc. 21 at 4), and none of the pleadings establish otherwise.

unsecured seating bench accident on August 27, 2009. . . . in the United States Federal Courthouse located at 908 Alabama Avenue, Selma, AL 36701." (Doc. 21-3.) The Plaintiff explained that she was injured when she

> attempted to sit on an unknown unsecured seating bench on the second floor and left side of the hallway waiting area in the United States Federal Courthouse. The bench suddenly flipped over on top of [her] fiercely thrusting [her] to the floor without any way to catch [her]self or support the fall from the unsecured bench.
>
> [She] sustained injury to [her] lower back and right hip that's required injections for both severe back and hip pain. [She] [has] been diagnosed with Lowe [sic] Back Injury and Right Hip Acute Bursitis, and [she] [has] been instructed to use a cane by [her] physician Dr. Park due [to her] injury.

(*Id.*) Further, the Plaintiff identified the physicians treating her for her injuries and submitted copies of her medical bills. (*Id.*)

In the Plaintiff's August 23, 2011 affidavit, which she titled "Notice File Federal Tort Personal Injury and Consortium Claim," she stated that the GSA "knew or should have known about [the] negligent, tortious and unsafe environment [that] caused severe injuries, emotional distress, loss of earning, and personal harm to [a] special needs, United States Citizen." (Doc. 21-1 at 1.) She described the incident as follows:

> August 27, 2009, Defendant GSA has a long, large, heavy and negligent unsecured pew unbounded on hardwood flooring on the second floor and left side of the hallway waiting area in the United States Federal Courthouse, Dallas County. As Claimant made contact to sit on the bench, it suddenly flipped over on top of Claimant, fiercely thrusting to the floor without any way to catch or break the fall. As a result Claimant was flipped off [the] pew to [the] floor, dazed, traumatized and bruise that caused for assistan[ce] of Bernetta Shields and husband, two witnesses [who] lifted the bench off Claimant to become free and assisted [her] off the floor to seek medical help and report[] the incident to Defendant, U.S. GSA staff.

(*Id.*) In addition, the Plaintiff extensively detailed her injuries and medical treatment and itemized her damages. (*Id.* at 2-3.)

The Plaintiff alleges that the GSA denied her claim on August 8, 2012, and

3

informed her that she had six months to file suit in a United States District Court. (Doc. 17, ¶ 16.)

Relevant Allegations in the Amended Complaint

On February 1, 2013, the Plaintiff filed her original Complaint (doc. 1) and, on August 9, 2013, the Plaintiff filed an Amended Complaint (doc. 17), which is the pleading at issue.

The Plaintiff asserts three counts in the Amended Complaint: negligence, gross negligence and negligent infliction of emotional distress. (*Id.*) She alleges the following facts regarding the incident at the courthouse:

> 8. Plaintiff, Carolyn Bates, was a guest/visitor/invitee in the United States Federal Government/Courthouse/Building, Selma, Alabama on or about August 27, 2009 when she fell and injured herself per the negligence of the named Defendants in this matter.
>
> 9. That, indeed, Plaintiff, Carolyn Bates, was in the United States Federal Government/Building in Selma, Alabama for a hearing as a Representative of Selma Disability Advocacy Group on the behalf of a Client for Social Security Disability.
>
> 10. The floors in the United States Federal Government/Courthouse/Building were in disrepair at the time of the incident which caused Plaintiff to fall and severely injure herself.
>
> 11. The pew on which the Plaintiff attempted to sit was not fastened to the floor to prevent it from turning over and falling, and because it was not fastened to the floor, it tumbled and caused Plaintiff to fall and severely injure herself.
>
> 12. The floors in the United States Federal Government/Courthouse/Building located in Selma, Alabama where this incident took place were wet at the time of the incident.
>
> 13. There were not any signs posted noting the aforementioned in paragraphs 10 (ten), 11 (eleven), and 12 (twelve), and because there were not any signs, Plaintiff was unaware of the disrepair of the floors, the unfastened/unbolted pew and the wetness of the floor that caused Plaintiff to fall and severely injure herself.

(*Id.*, ¶¶ 8-13.)

Furthermore, the Plaintiff reiterated the facts listed above when alleging each of her three counts. In Count I asserting negligence, the Plaintiff alleges that the Defendants "breached their duties to provide reasonably safe facilities by failing to provide signs noting disrepair and unstable pews, unsafe floors, and safely secured and fastened pews for invitees/guests/visitors such as the Plaintiff." (*Id.*, ¶ 19.) In Count II asserting gross negligence, the Plaintiff alleges that the Defendants "breached their duties to provide reasonably safe facilities by wantonly, willfully, and recklessly failing to provide safe floors, dry floors and safely secured and fastened pews for a invitee/guest/visitor such as the plaintiff." (*Id.*, ¶ 32.) In Count III asserting negligent infliction of emotional distress, the Plaintiff alleges that the Defendants "failed to post any warning and/or signs noting the disrepair and wetness of the floors as well as noting that the pew was not stabilized and fastened properly to the floor to prevent it from over turning." (*Id.*, ¶ 40.) In all three counts the Plaintiff seeks compensatory damages, as well as pre-judgment and post-judgment interest on all amounts awarded to the Plaintiff. (*Id.*, Count I, ¶ G, Count II, ¶ G, Count III, ¶ G.)

<u>The United States' Motion for Partial Dismissal</u>

On September 4, 2013, the United States filed a Motion for Partial Dismissal (doc. 21). On September 30, 2013, the Plaintiff filed a brief in response to the government's motion (doc. 29), and on November 21, 2013, the United States filed its reply (doc. 38).

In its motion, the government argues (1) that the GSA should be dismissed from this case because it is not a proper defendant under the FTCA; (2) that Plaintiff's demand for prejudgment interest should be dismissed because it is not recoverable under the FTCA; and (3) that various claims and allegations in the Plaintiff's Amended Complaint should be dismissed because the Plaintiff failed to include them in her administrative claim and, thus, failed to exhaust her administrative remedies with

respect to those claims and allegations. (Doc. 21 at 3-6.) Specifically, the United States argues that the Plaintiff is barred from asserting the following:

> [A]ll the claims under Count Two – Gross Negligence; all claims in Counts One and Three, which refer to alleged disrepair or other conditions of the flooring at the Federal Courthouse in Selma, Alabama (Doc 17, paragraphs 10, 12, 13, 18-20, 23, 26, 40, and 42); and all Plaintiff's claims alleging a failure or breach of duty for lack of signage (Doc 17, paragraphs 13, 19, 20, and 23).

(Doc. 21 at 5.)

The Plaintiff argues that the Motion for Partial Dismissal should be denied because she timely and properly filed an administrative claim with the GSA and, therefore, exhausted her administrative remedies. (Doc. 29, ¶¶ 14-18.) With regard to the United States' argument that the Plaintiff's Amended Complaint includes claims and allegations that should have been included in her administrative claim, the Plaintiff states that "her complaint only serves to clarify and hone the Standard Form 95 she previously filed." (*Id.*, ¶ 20.) The Plaintiff did not address the United States' arguments that the GSA is not a proper party or that prejudgment interest is not recoverable in this action. (*See id.* at 1-4.)

Legal Standard

The United States brings its Motion for Partial Dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* doc. 21 at 2-3.) A Rule 12(b)(6) motion to dismiss for failure to state a claim questions the legal sufficiency of a complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true, *see, e.g., United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990), and all factual allegations, moreover, are to be construed in the light most favorable to the plaintiff, *see, e.g., Brower v. County of Inyo*,

489 U.S. 593, 598 (1989); *see also Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (same).

A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction

> can be based on either a facial or factual challenge to the complaint. If the challenge is facial, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Accordingly, the "court must consider the allegations in the plaintiff's complaint as true." *Id.*
>
> A "facial attack" on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.* Furthermore, in *Williamson*, the former Fifth Circuit held that "[t]he district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413.

*McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*, 501 F.3d 1244, 1251 (11th Cir. 2007) (footnote omitted).

The government does not state whether its jurisdictional argument is a facial or factual challenge to the Amended Complaint, but the undersigned construes it as a facial challenge because the government accepts the Plaintiff's allegations as true for purposes of its motion and presents its motion as also being brought pursuant to Rule 12(b)(6). (*See* doc. 21.)

The undersigned notes that the United States has attached to its Motion for Partial Dismissal the documents that the Plaintiff submitted to the GSA as part of her

7

administrative claim. (Docs. 21-1, 21-2 and 21-3.) Those documents are not attached to the Plaintiff's Amended Complaint, (*see* doc. 17), and, generally, the court should convert a motion to dismiss into a motion for summary judgment when considering documents outside the complaint. *SFM Holdings, Ltd. v. Banc of America Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). However, "the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id.* (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005); *see Vicky M. v. Ne. Educ. Intermediate Unit 19*, 486 F. Supp. 2d 437, 450 (M.D. Pa. 2007) ("If the [Rule 12(b)(1)] motion is treated as a facial attack, the court may consider only the allegations contained in the complaint and the exhibits attached to the complaint, matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies, and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss.").

The Plaintiff's administrative claim documents (docs. 21-1. 21-2 and 21-3) are referenced by the Plaintiff in her Amended Complaint to establish that she exhausted her administrative remedies, (*see* doc. 17, ¶¶ 14-15, 29, 44),[2] and they form the basis of the Court's jurisdiction over this FTCA case. *See Chapman v. U.S. Postal Serv.*, 442 Fed. Appx. 480, 485, 2011 WL 4584785, at **4 (11th Cir. 2011) ("[T]he failure to adequately allege exhaustion in the complaint is grounds for dismissal for lack of subject matter jurisdiction."). They are central to the Plaintiff's claim and their authenticity is not questioned. (*See* doc. 17, ¶¶ 14-15, 29, 44; doc. 21; doc. 29; doc. 38.) As such, the

---

[2] The Plaintiff specifically referenced the SF 95 (doc. 21-2) only, but the other documents (docs. 21-1 and 21-3) were attached to the SF 95 and incorporated by reference, (*see* doc. 21-2, ¶ 8).

8

undersigned will consider them in conjunction with the government's Motion for Partial Dismissal, rather than treat the motion as a motion for summary judgment.

## Analysis

"It is well-settled" that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued.'" *Monzon v. United States*, 253 F.3d 567, 570 (11th Cir. 2001) (quoting *Mid-South Holding Co. v. United States*, 225 F.3d 1201, 1203 (11th Cir. 2000)). "The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims," allowing individuals to sue the government "under certain circumstances." 28 U.S.C. § 1346(b); *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) (citing *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)). However, when a plaintiff fails to satisfy the statutory requirements for maintaining suit under the FTCA, the district court lacks subject matter jurisdiction and dismissal is appropriate. *See Dalrymple*, 460 F.3d at 1324, 1326 (concluding that the district court properly dismissed FTCA claim for lack of subject matter jurisdiction because the plaintiffs did not comply with the statutory prerequisites to suit).

In this case, the government has only moved for partial dismissal because it concedes that jurisdictional requirements were satisfied with regard to some of Plaintiff's claims. (*See* doc. 21; doc. 38 at 2.) The government, however, contends that dismissal is appropriate with respect to Plaintiff's claims against the GSA, Plaintiff's claims for prejudgment interest and Plaintiff's claims and allegations that were not included in her pre-suit submission to the GSA.

### Proper Party Defendant

The law is clear that the United States is the only proper party defendant in an FTCA action. *See* 28 U.S.C. § 2679(b)(1); *Trupei v. United States*, 304 Fed. Appx. 776, 782, 2008 WL 5245611, at \*\*6 (11th Cir. 2008) (concluding that the plaintiff failed to state a

claim against any of the defendants other than the United States); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit. In a section entitled 'United States as defendant,' the FTCA vests district courts with 'exclusive jurisdiction of civil actions on claims *against the United States* for money damages . . . .'" (citing 28 U.S.C. § 1346(b))). "Based on the explicit statutory language, a specific agency cannot be sued under the FTCA and a claim under the FTCA against a federal agency as opposed to the United States must be dismissed for want of jurisdiction." *Phillips v. Potter*, Civil Action No. 07-0894-CG-B, 2008 WL 2476870 (S.D. Ala. June 18, 2008) (citing *Galvin*, 860 F.2d at 183).

Here, the Plaintiff has brought this FTCA action against the United States and the GSA. The FTCA, however, does not authorize suits against federal agencies such as the GSA, and, thus, the United States is the only proper defendant in this case. Therefore, because this Court lacks jurisdiction over the claims asserted against the GSA in this matter, it is hereby **RECOMMENDED** by the undersigned that the Court **GRANT** the United States' request to **DISMISS** all claims asserted against the GSA.

Prejudgment Interest

The FTCA specifically prohibits the recovery of prejudgment interest from the United States. 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."); *Wilkinson v. United States*, 564 F.3d 927, 933 (8th Cir. 2009); *Dalrymple v. United States*, 460 F.3d 1318, 1326 n.9 (11th Cir. 2006). The Plaintiff has provided no authority in support of her claim for prejudgment interest. (*See* doc. 29.) Given that the recovery of prejudgment interest is not permitted in an

FTCA case, it is hereby **RECOMMENDED** by the undersigned that the Court **GRANT** the United States' request to **DISMISS** the Plaintiff's claims for prejudgment interest.

Failure to Exhaust

The United States argues that, while the Plaintiff submitted a timely administrative claim to the GSA and a timely FTCA action in this Court, she failed to exhaust her administrative remedies because her Amended Complaint includes certain facts and claims that were not alleged in her pre-suit administrative claim. (*See* doc. 21 at 5-6; doc. 38 at 4.) Notably, the United States did not provide any legal authority that directly supports this argument.[3]

Section 2675(a) provides that a claimant may not bring an FTCA action against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). To sufficiently meet section 2675(a)'s

---

[3] Although the United States cited several cases that support the exhaustion requirement as a general matter, it did not provide any discussion of those cases or any explanation as to how they might apply to the instant case. (*See* doc. 21 at 5-6 (citing *McNeil v. United States*, 508 U.S. 106 (1993); *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996); *Brown v. United States*, 838 F.2d 1157, 1163 (11th Cir. 1988); *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980); *Molinar v. United States*, 515 F.2d 246, 249 (5th Cir. 1975); *Mays v. United States*, 928 F. Supp. 1552, 1561-62 (M.D. Ala. 1996)); doc. 38 at 1-2 (citing *McNeil*, 508 U.S. at 113; *Burchfield v. United States*, 168 F.3d 1252, 1253 (11th Cir. 1999)).) A review of the cases cited by the United States reveals that none of them support the government's argument that facts and claims asserted in an FTCA action should be dismissed if they were not included in the pre-suit administrative claim. *See McNeil*, 508 U.S. at 110-13 (addressing the timeliness of an FTCA action, not the sufficiency of the facts and claims asserted in the administrative claim); *Burchfield*, 168 F.3d at 1255-57 (concluding that the plaintiff's administrative claim satisfied the statutory requirements to vest the district court with subject matter jurisdiction over the FTCA suit even though the administrative claim failed to include allegations that were asserted in the FTCA case); *Price*, 81 F.3d at 521 (concluding that the plaintiffs failed to exhaust the administrative requirements because their administrative claim was untimely, as explained in the court's previous ruling in *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995)); *Brown*, 838 F.2d at 1160-61 (holding that the district court had subject matter jurisdiction over wrongful death suit even though a wrongful death claim was not asserted as part of the plaintiff's administrative claim); *Rise*, 630 F.2d at 1071-72 (concluding that the district court properly awarded relief based on theories of liability in the amended complaint that were not included in the plaintiffs' administrative claim); *Molinar*, 515 F.2d at 249 (addressing the "sum certain" requirement rather than the facts and claims asserted); *Mays*, 928 F. Supp. at 1562 (concluding that the court did not have subject matter jurisdiction over the plaintiff's FTCA action because the plaintiff never filed an administrative claim).

requirement of giving notice to the appropriate federal agency, "a claimant must do two things: '"(1) give [ ] the [appropriate] agency written notice of his or her claim sufficient to enable the agency to investigate and (2) place[ ] a value on his or her claim."' *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980), *decision clarified on denial of reh'g*, 622 F.2d 197 (5th Cir. 1980)). If the plaintiff has not satisfied those requirements, the district court lacks jurisdiction over the FTCA claim. *Id.* at 1254-55.

Here, the United States concedes that the plaintiff submitted an administrative claim to the GSA providing notice that she sustained injuries when she fell while attempting to sit on a bench at the Federal Courthouse in Selma. (Doc. 21 at 2, 4, 6.) The United States also concedes that the plaintiff provided the GSA with notice that the bench was not bolted to the floor. (*Id.* at 6.) Furthermore, the government does not dispute that the plaintiff provided the GSA with notice of the value of her claim.[4] (*See id.* at 1-7.) Although the government argues that the Plaintiff's gross negligence claim, her claims regarding the conditions of the floor and her claims regarding the government's failure to warn with proper signage should be dismissed because they were not asserted in her administrative claim, the government does not explain with any specificity how the Plaintiff failed to meet the jurisdictional requirements above. (*See* doc. 21 at 5-6; doc. 38 at 4.) The undersigned assumes that the United States means to argue that this Court does not have jurisdiction over the claims and allegations omitted from Plaintiff's administrative claim because, by omitting those items, the Plaintiff failed to provide the GSA with adequate notice for it to conduct a proper

---

[4] The Plaintiff's SF 95 and supporting affidavit, which are attached to the United States' motion for partial dismissal, clearly show that the Plaintiff complied with the notice requirement with regard to the value of her claim. (Docs. 21-1 and 21-2.)

investigation.  *See Burchfield*, 168 F.3d at 1255 (stating rule that the claimant must provide the federal agency with sufficient information to allow the agency to investigate the claim).  To the extent the government intended to advance such an argument, the undersigned finds it unconvincing.

In *Burchfield v. United States*, a case cited by the government, the Eleventh Circuit discussed the amount of information required when giving notice of a claim to a federal agency.  *Burchfield*, 168 F.3d at 1255-56.  *Burchfield* involved a medical malpractice action brought against the Department of Veterans Affairs ("VA").  *Id.* at 1253-54.  The plaintiff initially filed an administrative claim with the VA in which he alleged that he developed osteoporosis as a result of taking medication that was negligently prescribed to him by VA physicians.  *Id.* at 1254.  However, when the plaintiff, subsequently, filed his complaint in district court, he alleged that the VA physicians were negligent in failing to diagnose his osteoporosis and in treating it.  *Id.*  Because the allegations of negligence in the complaint were different from those in the administrative claim the district court found that it lacked subject matter jurisdiction over the plaintiff's cause of action and entered judgment as a matter of law in favor of the United States.  *Id.*  On appeal, the Eleventh Circuit reversed after finding that the plaintiff's administrative claim provided the VA with enough information to conduct an investigation that would have revealed the facts and claims the plaintiff later asserted in his complaint.  *Id.* at 1256.

In reaching its decision, the Eleventh Circuit stated that the purpose of the exhaustion requirement in section 2675(a) was "not to place procedural hurdles before potential litigants, but to facilitate early disposition of claims."  *Id.* at 1255 (citing *Lopez v. United States*, 758 F.2d 806, 809 (1st Cir. 1985) ("[I]ndividuals wishing to sue the government must comply with the details of [section 2675], but . . . the law was not

13

intended to put up a barrier of technicalities to defeat their claims.")). With that underlying purpose in mind, the court discussed the amount of information required when submitting an administrative claim:

> We have held that a claimant must give an administrative agency only enough information to allow the agency to "begin its own investigation" of the alleged events and explore the possibility of settlement. *Adams*, 615 F.2d at 292. We do not require the claimant to provide the agency with a preview of his or her lawsuit by reciting every possible theory of recovery, *see Brown v. United States*, 838 F.2d 1157, 1160-61 (11th Cir. 1988), or every factual detail that might be relevant, *see Adams*, 615 F.2d at 291-92. In short, the amount of information required is "minimal." *Id.* at 289.
>
> An administrative agency is deemed to be on notice not only of the theories of recovery stated in the claim, but of the theories of recovery that its reasonable investigation of the specific allegations of the claim should reveal. In *Rise v. United States*, 630 F.2d 1068 (5th Cir. 1980), the plaintiff presented an administrative claim that Army physicians failed to diagnose and treat his wife's aneurysm. After bringing suit on that assertion, he amended his complaint to allege that the Army also was negligent in referring his wife to a civilian hospital and failing to supervise her treatment there. We stated that "if the Government's investigation of Rise's claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim." *Id.* at 1071.
>
> . . .
>
> In *Rise*, we held that because the plaintiff's administrative claim mentioned a patient's transfer to a civilian hospital, "the Army's investigation of the death should have produced . . . evidence that [the civilian hospital's] facilities may have been inadequate . . . and, consequently, that referring Mrs. Rise there might have been negligence." *Rise*, 630 F.2d at 1071. The Second Circuit similarly has held that an administrative claim can put an agency on notice of facts it should discover during its investigation of the claim. In *Johnson by Johnson v. United States*, 788 F.2d 845, 848-49 (2d Cir. 1986), it found that an administrative claim, which alleged that a government employee had attacked a minor but did not mention facts suggesting that anyone other than the employee was at fault, gave the government sufficient notice of the plaintiff's negligent supervision claim. "Although the claim supplied no facts evidencing negligent supervision and did not allege all the factual elements of such a theory of liability, a reasonably thorough investigation of the incident should have uncovered any pertinent information in the government's possession relating to the agency's knowledge, or lack of knowledge, of any prior sexual misconduct by its employee . . . ." *Id.* at 849 (citing *Rise*).

*Burchfield*, 168 F.3d at 1255-56.

Given the Eleventh Circuit's determination that section 2675(a) only requires that a claimant provide a "minimal" amount of information to a federal agency for it to investigate the claim, *id.* at 1255, and the lack of any authority submitted by the government showing that the claims and allegations in a complaint must match the content of the pre-suit administrative claim, (*see* docs. 21 and 38), the undersigned finds that the Plaintiff in this case has satisfied the jurisdictional requirements for asserting her claims against the United States in the Amended Complaint. The Plaintiff notified the GSA that she was injured on August 27, 2009, at the federal courthouse located at 908 Alabama Avenue, Selma, Alabama 36701. (Docs. 21-1 and 21-2.) Furthermore, the Plaintiff informed the GSA that she was injured when she fell to the floor when attempting to sit on an unsecured pew that was located on the left side of the second floor hallway. (Doc. 21-1 at 1.) She stated that the GSA knew or should have known about the unsafe environment that caused her injuries. (*Id.*) She also identified two witnesses to the incident. (*Id.*) The undersigned finds that the information provided by the Plaintiff was sufficient to enable the GSA to conduct a thorough investigation of the claim. Although the Plaintiff did not specifically allege gross negligence by the GSA in her administrative claim, she was not required "to enumerate each theory of liability in the claim." *Brown*, 838 F.2d at 1161-62 ("Compelling a claimant to advance all possible causes of action and legal theories is "overly technical" and may frustrate the purpose of the section 2675(a) notice requirement.") (citations omitted); *see also Burchfield*, 168 F.3d at 1255 (citing *Brown*, 838 F.2d at 1160-61). Furthermore, while the Plaintiff did not state in her administrative claim the specific conditions of the floor, including her allegation that the floors were wet, or that the GSA failed to warn of the conditions of

the floor, such details "were so closely related to the essential material contained in the claim that they would have come to light during the [GSA]'s reasonable investigation of the claim."[5] *See Burchfield*, 168 F.3d at 1256.

Thus, the undersigned has determined that the Plaintiff properly exhausted her administrative remedies, pursuant to section 2675(a), by submitting a claim to the GSA with sufficient information to enable the GSA to investigate her claim. As such, it is hereby **RECOMMENDED** by the undersigned that the Court **DENY** the United States' motion to dismiss the claims and allegations omitted from the Plaintiff's administrative claim (doc. 21 at 5).

## Conclusion

For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that the United States' Motion for Partial Dismissal (doc. 21) be **GRANTED IN PART** and **DENIED IN PART**.

Specifically, the undersigned **RECOMMENDS** that

1. All claims asserted against the GSA should be **DISMISSED WITH PREJUDICE** because the GSA is not a proper defendant in an FTCA case.

2. The Plaintiff's request for prejudgment interest in paragraph G of Counts I, II and III should be **DISMISSED WITH PREJUDICE**.

3. The United States' request for the entry of an order dismissing all claims and allegations not asserted in the Plaintiff's administrative claim should be **DENIED**.

---

[5] The undersigned acknowledges that "[s]ection 2675(a) does not require an agency to undertake an independent search for injuries or theories of liability that are not closely related to the matters described in the claim." *Burchfield*, 168 F.3d at 1256-57 (citing cases where claimants provided insufficient notice in administrative claims). In this case, however, such an independent search was not required because the claims and allegations omitted from the administrative claim—the conditions of the floor and the GSA's failure to warn—were closely related to the incident described in the Plaintiff's administrative claim—the Plaintiff's fall in the second floor hallway of the federal courthouse.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of February, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**