IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN BATES,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CIVIL ACTION: 13-00051-KD-C |
| UNITED STATES GOVERNMENT,<br>    Defendant. | )<br>)<br>) | |

**ORDER**

This matter is before the Court on Plaintiff's *pro se* motion. (Doc. 91, Doc. 91-1) The Court construes this filing as an appeal of the Magistrate Judge's order (Doc. 87) and a motion requesting the recusal of the Magistrate Judge.[1]

Concerning Plaintiff's appeal, the Magistrate Judge entered a decision on non-dispositive motions (including a continuance request, a request for a discovery conference, a motion for settlement negotiations and mediation, and a request for protection). (Doc. 87 at 1). As explained in Manno v. Healthcare Rev. Recovery Group, LLC, 2012 WL 4192987, *2 (S.D. Fla. Sept. 18, 2012):

> A party may appeal a magistrate judge's ruling to the district court pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(c)(1). "When a party objects to a magistrate's non-dispositive order, the district court must consider those 'objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'"…"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." … A magistrate judge's ruling is deemed "clearly erroneous" only when the district court "is left with the definite and firm conviction that a mistake has been committed." … "Clear error is a highly deferential standard of review."… "This standard has been described as 'a very difficult one to meet.'"…

In that regard, "[a] district court may delegate non-dispositive pretrial matters to a magistrate

---

[1] The motion also contains various other nonsensical requests that are **DENIED** because the undersigned is unable to decipher them.

judge for a determination, which the district court can reconsider if 'clearly erroneous or contrary to law.'" Muhammad v. HSBC Bank USA, N.A., 399 Fed. Appx. 460, 462 (11th Cir. 2010) (quoting 28 U.S.C. § 636(b)(1)(A)); Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law[]"); S.D. Ala. LR 72.3(e) ("The district judge shall modify, set aside, or remand to the magistrate judge any nondispositive order or portion thereof found to be clearly erroneous or contrary to law[]").

The Court has reviewed the Magistrate Judge's decision (Doc. 87) and Plaintiff's appeal (Doc. 91). Upon consideration, the Court finds that the Magistrate Judge's decision is neither clearly erroneous nor contrary to law. Accordingly, Plaintiff's appeal (Doc. 91) is **DENIED** and the Magistrate Judge's decision (Doc. 87) is **AFFIRMED**.

Regarding Plaintiff's motion to for recusal (Doc. 91-1), the motion is **DENIED.**

**DONE** and **ORDERED** this the **28th** day of **August 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**